## Matilda Stewart v. George M. Ludlow.

1. PROMISSORY NOTES.—*Proof of Insolvency of Indorser.*—In a suit against the indorser of a promissory note, absolute proof of the insolvency of the maker is not required; the plaintiff need only offer *prima facie* evidence thereof.

2. SAME—*Credits on, upon Foreclosure of Trust Deed Given as Security.*—The indorser of a note secured by a trust deed is only entitled to have such note credited with the net proceeds of a sale of the premises described in the trust deed after payment of all costs of the foreclosure proceeding including any solicitor's fees which were allowed.

3. ASSIGNMENT—*Of Trust Deed Securing Notes—What Passes.*—The assignment of a note and a trust deed securing it, gives the assignee all the rights of the assignor, and when the trust deed gives the right of election to declare the whole amount due on default in payment of any sum that has in fact matured, the exercise of such election binds the assignor to the same extent as the maker of the notes.

**Assumpsit,** against the indorser of promissory notes. Appeal from the City Court of Elgin; the Hon. R. P. GOODWIN, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed December 9, 1896.

BOTSFORD, WAYNE & BOTSFORD, attorneys for appellant.

OSCAR JONES and J. M. MANLEY, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit brought by appellant against appellee, seeking to charge him as indorser on eight promissory notes, which he had sold and indorsed to appellant.

The case was tried by the court without a jury, the issues found for appellee, and judgment rendered against appellant for costs.

There were originally twelve promissory notes for the sum of $100 each, executed by one Mary Allen to appellee, as part of the purchase price of certain real estate sold by appellee to said Mary Allen. The notes were secured by four

trust deeds on real estate, and each of these trust deeds contained a provision for allowance of a solicitor's fee of $50 in case of foreclosure.

These notes and trust deeds were sold and indorsed by appellee to appellant. When the first series of notes became due, they were not paid, nor was the interest paid on the remaining notes, and thereupon in pursuance of the terms of the instruments appellant exercised her right of election, declared the whole of the notes to be due, and filed a bill for foreclosure, and in that suit she obtained a decree for the whole amount due, including an allowance of $150 for solicitor's fees. On a sale of the property by the master, under the decree of foreclosure, there was a deficiency of $772.27, for which a personal decree was entered against Mary Allen, the maker of the notes, and an execution issued against her which was returned by the sheriff *nulla bona*.

The principal controversy in the case arises upon the question as to whether or not the evidence was sufficient to show the insolvency of Mary Allen, the maker of the notes, and that a suit against her would have been unavailing, and thus fix the liability of appellee as indorser, in accordance with the statute.

We think the uncontradicted testimony of W. J. Hunter as to the financial circumstances of Mary Allen, and the efforts made by him to find property belonging to her, out of which to make the debt, as well as the inquiries made by him of others upon that subject, was sufficient to make out a *prima facie* showing of insolvency on the part of Mary Allen, and to fix the liability of appellee as indorser. The return of the execution *nulla bona* was, at least, strong corroborative evidence of such insolvency.

Absolute proof of insolvency in such cases may be impossible, and is frequently impracticable, and all that should be required is, that the plaintiff shall give *prima facie* proof of the negative fact. Pierce v. Short, 14 Ill. 146; Springer v. Puttkamer, 159 Id. 567.

Appellee made no effort to show that Mary Allen was the owner of any property, and in the absence of such proof

we think the *prima facie* showing made by appellant was sufficient.

We think the second and fifth propositions of law submitted by appellant to be held as law in this case should have been so held, and it was error to refuse them.

By assigning the notes and the trust deeds securing them to the appellant, appellee transferred to her the right of electing to declare the whole amount due on default in payment of those which, by their terms had, in fact, matured, and when appellant exercised such election appellee was bound thereby to the same extent as the maker of the notes. The second proposition submitted contained, in substance, this principle, and should have been held as the law of the case. ·

The $150 allowed as solicitor's fees in the foreclosure case, having been properly allowed, appellee was not entitled to credit for the amount when sued as indorser upon the notes. He was only entitled to credit for the net proceeds of the sale after payment of all costs of the foreclosure proceedings, including the solicitor's fees. We are of the opinion the deficiency decree properly fixed the measure of his liability if appellant was entitled to recover from him as indorser. Hence the fifth proposition submitted should have been held as the law.

The first, third and fourth propositions submitted were faulty in statement as written, and it was not error to refuse them.

But for the errors indicated the judgment will be reversed and the cause remanded.